UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JO ANNE ALBANESE, : | |
|     *Plaintiff* : | |
| v. : | C.A. No. 22-cv- |
| TOWN OF NORTH KINGSTOWN, by | |
| and through its Treasurer, alias, | |
| Finance Director, James Lathrop, | |
| Town Manager Ralph Mollis, : | *Jury Trial Demanded* |
| and, NORTH KINGSTOWN | |
| POLICE DEPARTMENT, by and through its | |
| Town Manager, Ralph Mollis, | |
| as head of public safety, | |
| Chief of Police Patrick Flanagan, alias, and, | |
| each individually and in their | |
| official capacity as TOWN OF | |
| NORTH KINGSTOWN as | |
| Director of Public Safety, | |
| and CHIEF OF POLICE, | |
| and Thomas Robinson, | |
| Andrew Pluta, Jeffery St. Onge, | |
| Charles Smith, Daniel Silva, | |
| John MacCoy, and Jim Broccoli Harbormaster, | |
| individually and in their official capacity, | |
| John Doe, alias, and Jane Does 1-20 : | |
|     *Defendants* : | |

**COMPLAINT**

**I.**    **Introductory Statement**

1.    This civil action is brought by the Plaintiff seeking a declaratory judgment, injunctive relief, and compensatory and punitive damages for acts and/or omissions of Defendants in violation of Plaintiff's rights including but not limited to, freedom from unreasonable search and seizure, unlawful prosecution, excessive force, arrest without probable cause, malicious prosecution, under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983, and under Article 1, § 6 of the Rhode Island Constitution and under the common law of the State of Rhode Island.

2. Plaintiff Albanese's claims arise from the prosecution of a case that was dismised on May 31, 2022, and, July 13, 2022 which stems from an encounter with the NORTH KINGSTOWN Police Department on September 19, 2019, and The North Kingstown Police Department's Harbor Master for the year of 2016 on numerous occasions.

3. The aforementioned encounter is one of many encounters with the North Kingstown Police. Plaintiff incorporates "**Exhibit A**".

4. Defendants' failure to provide appropriate training and supervision over how its police officers respond to individuals, and in the Constitutional prohibitions against arresting and prosecuting people without probable cause, has cultivated an environment in which these Defendant police officers acted accordingly and thereby causing Plaintiff Albanese great harm.

5. Defendants' failure to properly observe and obey clearly established state and federal laws governing the waterways, and marina, and the public's right to access said areas, is a failure to provide appropriate training, supervision, and instruction to follow federal notices, to respond to individuals, and has cultivated an environment in which the Defendant Harbor Master acted accordingly, thereby causing Plaintiff Albanese great harm.

6. Defendants' failure to properly train police officers how to treat detainees and persons in custody, and in the Constitutional prohibitions against assaulting and punching persons detained over sixty years old, is in violation of State and Federal Law.

II. **Parties**

7. Plaintiff Jo Anne Albanese ("Plaintiff" or "Albanese" or ) was at all times relevant to this Complaint a resident of North Kingstown Rhode Island. Albanese is a person over Sixty Years of Age.

8. Defendant Town of NORTH KINGSTOWN ("NORTH KINGSTOWN" or "Town") is a municipal corporation duly authorized and organized under the laws of the state of Rhode Island and is sued through its Town Manager, Ralph Mollis, and Town Finance Director James Lanthrop, alias, the official designated by R.I.G.L. § 45-15-5 to be named in a suit for relief against the Town. The Town is liable under the doctrine of *Respondeat Superior* for the acts and/or omissions of its agents, employees, and/or representatives committed in violation of State law complained of herein.

9. Defendant Bryan Palagi ("Defendant Palagi") is sued individually and in his official capacity as a police officer with the Town of NORTH KINGSTOWN and at all relevant times was acting under color of state law.

10. Defendant John Leduc ("Defendant Leduc") is sued individually and in his official capacity as a police officer with NORTH KINGSTOWN Police Department and at all relevant times was acting under color of state law.

### III. Jurisdiction

11. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201 and 2202, as certain claims asserted herein arise under the Constitution and laws of the United States, and 42 U.S.C. §1983, 1980, 1982, 1981. Pendant Jurisdiction over the State Law Claims asserted Herein is invoked.

### IV. Venue

12. Venue is proper in this Court since, on information and belief, all of the Defendants reside or may be found in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. § 1391. Venue is also proper because a substantial part of the events and omissions giving rise to these claims occurred in the District of Rhode Island.

### V. Material Facts

13. On September 18, 2019 Plaintiff was wrongfully arrested and detained by employees or agents of the North Kingstown Police Department.

14. Whilst in custody, while being walked down the hallway of the police department, upon information and belief regarding the identity of the officer, Daniel Silva, walked into Plaintiff intentionally, yelled at Ms. Albanese, accosted her, falsely claimed that she assaulted him as a pretext to then grab her and shove her into the concrete wall headfirst, causing injury and scarring above her right eye, and further placing one hand on her neck, and the other hand immobilizing her thumb, then shoving her to the floor, whilst exclaiming "*you think you can come into this town and run it!*"

*Municipal Liability*

15. Upon information and belief, the NORTH KINGSTOWN Police Department has a custom and practice of failing to properly train and supervise its officers in the constitutionally permissible exercise of their law enforcement duties.

16. As a direct and proximate result of Defendants acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered deprivation of his federal and state constitutional rights.

17. As a direct and proximate result of the Defendants' acts and/or omissions, including but not limited to those described herein, the Plaintiff has suffered and will continue to suffer mental anguish, personal injury, pain and suffering, injury to reputation, impairment of rights to be free from unreasonable search and seizure, deprivation of his civil rights, expenses for legal services, and other great damage.

## VI.    Claims For Relief

18.    Plaintiff hereby incorporates into the counts below each and every allegation contained in the above paragraphs as if fully incorporated and set forth herein.

### COUNT ONE

*False Arrest and False Imprisonment in Violation of the Fourth Amendment and Actionable Under 42 U.S.C. §1983*

19.    Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have violated Plaintiff Howie's right to freedom from unreasonable search and seizure, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

### COUNT TWO

*False Arrest and False Imprisonment in Violation of Article 1, §6 of the Rhode Island Constitution*

20.    Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, violated Plaintiff Albanese right to freedom from unreasonable search and seizure, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under Article 1, § 6 of the Rhode Island Constitution directly actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989).

### COUNT THREE
*Common Law False Arrest*

21.    Defendants Officers, while acting in the scope of their employment, by their individual and/or concerted acts and/or omissions detained Plaintiff without probable cause and with no other legal justification, thereby causing Plaintiff to sustain harm as aforesaid.

## COUNT FOUR

*Malicious Prosecution in Violation of the Fourth, Fifth, and Fourteenth Amendments, Actionable Through 42 U.S.C. § 1983*

22.  Defendants, acting under color of law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have maliciously caused criminal charges to be brought against Plaintiff, without probable cause and with malice, causing Plaintiff to suffer harm as aforesaid and have therefore deprived Plaintiff of rights secured under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, actionable through 42 U.S.C. § 1983.

## COUNT FIVE

*Malicious Prosecution in Violation of Article 1, § 6 of the Rhode Island Constitution*

23.  Defendants, acting under color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have maliciously caused criminal charges to be brought against Plaintiff Goldblatt, without probable cause and with malice, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under Article 1, § 6 of the Rhode Island Constitution directly actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989).

## COUNT SIX

*Common Law Malicious Prosecution*

24.  Defendants, while acting in the scope of their employment, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have maliciously caused criminal charges to be brought and prosecuted against Plaintiff Goldblatt, without probable cause and with malice, in violation of the common law of the State of Rhode Island, causing Plaintiff to suffer harm as aforesaid.

## COUNT SEVEN
### *Assault and Battery*

25. Defendant committed Assault and Battery by wrongly arresting and prosecuting Plaintiff because of the effects of his disability, and failing to reasonably accommodate Mr. Albanese disability during the purported investigation, arrest and prosecution, causing Plaintiff to suffer harm as aforesaid.

## COUNT EIGHT
### *RIGL § 9-1-2 Civil Liability for Crimes and Offenses to wit Defendants Violation of RIGL § 11-5-10*

26. Assault on persons 60 years of age or older causing bodily injury, Plaintiff incorporates the previous paragraphs as if fully stated herein, and state the facts consistite a violation of RIGL 11-5-10 for which RIGL 9-1-2 permits the cause of action being brought against these Defendants.

27. Defendants failed to accommodate Plaintiff Albanese disability in that, among other acts and omissions, they did not evaluate his mental health, and provided no accommodations in response to his disability nor made any attempts to provide such accommodations, causing Plaintiff to suffer harm as aforesaid.

## COUNT NINE
### *Abuse of Process*

28. Defendants, while acting in the scope of their employment, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have maliciously caused criminal charges to be brought and prosecuted against Plaintiff Goldblatt, without probable cause and with malice, in violation of the common law of the State of Rhode Island, causing Plaintiff to suffer harm as aforesaid.

29. Additionally, after it was apparent after the results of the Blood Test came back negative for any substances, the Defendants refused to dismiss the all the charges and insisted upon a plea unreasonably holding onto the charges levied in a earlier suicide attempt which caused him to be on probation, and the

threat that he would be declared a violator of probation.

## COUNT TEN
### *Intentional Infliction of Emotional Distress*

30. Defendants, while acting in the scope of their employment, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, caused intentional infliction of emotional distress to Jeremy as they knew or should have known that a person in his position, with his history of mental health issues, would be irreparably harmed by their actions.

## COUNT ELEVEN
### *Negligent Inflection of Emotional Distress*

31. Defendants, while acting in the scope of their employment, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have maliciously caused criminal charges to be brought and prosecuted against Plaintiff Goldblatt, without probable cause and with malice, in violation of the common law of the State of Rhode Island, causing Plaintiff to suffer harm as aforesaid.

## VII.    Prayers for Relief

WHEREFORE, Plaintiff hereby prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, § 6 of the Rhode Island Constitution by violating Plaintiff's right to be free from unreasonable search and seizure, and maliciously prosecuted him in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the common law of the State of Rhode Island.

2. Permanent injunctions requiring Defendants to properly train, supervise and discipline;

3. An award of compensatory damages;

  4.  An award of punitive damages;

  5.  An award of reasonable attorney's fees and costs of litigation to Plaintiff pursuant to 42 U.S.C. § 1988;

  6.  Such other and further relief as this Court deems just and proper.

### VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

### IX. Designation of Trial Counsel

Plaintiff hereby designates Lawrence Almagno, Esquire, as trial counsel.

            Respectfully Submitted,
            JO ANNE ALBANESE

            By her Attorney,

            /s/ Lawrence P. Almagno Jr.
            Lawrence P. Almagno Jr. #9185
            ALMAGNO LAW, INC.
            10 RANGELEY ROAD
            CRANSTON RI 02920
            T | (401)-946-4529
            F | (401)-464-4529
            E | LA@ALMAGNO-LAW.COM